In the Matter of ROBERT BERNARD LEVIN, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, February 11, 1960.

*George G. Hunter, Jr.*, of counsel (*Frank H. Gordon*, attorney), for petitioner.

*Sol Gelb* for respondent.

*Per Curiam.* Respondent was admitted to practice in this State in December, 1956. In this disciplinary proceeding, a Referee has found that respondent was dilatory in turning over a client's share of the proceeds of a settlement in an automobile accident case and made payment only after complaint to the Bar Association. While the Referee found there was no evidence of a conversion, we place little credence in respondent's explanation that the client's share was kept in a tin box in a file cabinet in respondent's office for over four months. Be that as it may, the Referee also found that respondent had failed to comply with rules 4-A and 4-B of the Special Rules Regulating the Conduct of Attorneys in the First Judicial Department, and that the required statement of retainer and closing statement were filed only after a grievance had been lodged with the Bar Association.

Additionally, the Referee found respondent guilty of the charge that during a period of six months between June 16, 1958 and March 13, 1959, respondent had issued 48 bad checks totalling $1,100. On the bad checks charge, the Referee reported that all of the checks were made good within a short period of time and that none of the transactions in which the checks were given was connected with respondent's law practice or payable to any client.

Both latter charges represent serious derelictions. However, we have considered in mitigation respondent's comparative inexperience in the profession, as well as the fact that in June, 1958, respondent was involved in an automobile accident in which he suffered disabling injuries requiring his hospitalization for 8 days, and confinement to his home for approximately 60 days. Since the events upon which the charges herein are predicated occurred mainly during the period of time respondent was incapacitated by his injuries, we are inclined to give some weight to those extenuating circumstances.

The respondent should be suspended for a period of six months, with leave to apply for reinstatement at the expiration thereof.

BOTEIN, P. J., BREITEL, RABIN, M. M. FRANK and VALENTE, JJ., concur.

Respondent suspended for a period of six months.